[Crim. No. 107. First Appellate District.—January 29, 1908.]

THE PEOPLE, Respondent, v. WILLIAM ORTEGA, Alias LOLLIE ORTEGA, Appellant.

CRIMINAL LAW—ROBBERY—CORROBORATION OF TESTIMONY OF ACCOMPLICE.—The testimony of an accomplice to a robbery committed by the witness and the defendant is sufficiently corroborated under section 1111 of the Penal Code, where other testimony, unaided by the testimony of the accomplice, tends strongly to connect the defendant with the commission of the crime charged.

ID.—ELEMENTS OF ROBBERY—FORCE AND FEAR DISTINCT.—Force and fear are distinct elements of robbery, and where the prosecuting witness testified that he was knocked down by two men, and the purse containing his money was squeezed out of his hand while he was trying to hold onto it, robbery by force is shown, and it is immaterial that he also testified that he was not afraid.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial. J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Wm. H. Johnson, for Appellant.

U. S. Webb, Attorney General, for Respondent.

KERRIGAN, J.—The defendant was convicted of the crime of robbery, for which he was sentenced to imprisonment for two years. He appeals from the judgment and from the order denying his motions for a new trial and in arrest of judgment.

The prosecuting witness, R. J. Little, testified that on March 6, 1907, at about 12 o'clock at night, while he was walking along a street in San Jose, two men came up behind him and knocked him down, and squeezed out of his hand a pocketbook containing about $12, and that "he hung on to it pretty tight all right." He did not know the men, nor could he identify either of them. During the trial Alexander Stokes took the stand, and stated that he and the defendant committed the robbery, and gave details of the crime. Appellant contends that this testimony, being that of an accomplice, was not corroborated as required by section 1111 of the Penal Code; that, aside from the testimony of the accomplice, there was no evidence which in itself and without the aid of such testimony tends to connect the defendant with the commission of the offense. A police officer testified that he saw the defendant, the accomplice Stokes, and Little, who was robbed, together shortly before midnight March 6, 1907, and that a little later he saw the defendant alone. Another witness for the prosecution, William Hassett, testified that he saw two men, at about the time mentioned, standing over Little as he was lying on the ground. The two men upon the approach of Hassett ran away, and that one of them was the defendant. This testimony, unaided by the testimony of the accomplice, tends strongly to connect the defendant with the commission of the crime charged. We think

7 Cal. App.—31

it is sufficient corroborative proof under section 1111 of the Penal Code.

One of the elements of robbery as defined by section 211 of the Penal Code is force, and another is fear. As we have just seen, Little testified that he was knocked down by two men and the money squeezed from his hand. He also testified that he was not afraid. Appellant asserts that the testimony does not show that the money was forced from Little. This contention is so obviously without merit that a discussion of it is unnecessary.

There is no other point presented in support of the appeal. The judgment and order appealed from are affirmed.

Cooper, P. J., and Hall, J., concurred.